UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

LARRY L. WALKER and wife,
CYNTHIA WALKER
1423 Potter's Chapel Road
Lancing, Tennessee 37770,

    Plaintiffs

vs.                                                                              NO. _____
                                                                             JURY TRIAL

LOUISVILLE LADDER, INC.,
7765 National Turnpike, Unit 190
Louisville, Kentucky 40214,
with agent for service of process being
C. T. CORPORATION SYSTEMS
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37979,

    Defendants

## C O M P L A I N T

Come the Plaintiffs, Larry L. Walker and wife, Cynthia Walker, sues the defendants, and for cause of action says:

### I. PARTIES

1.     Plaintiffs, Larry L. Walker and wife, Cynthia Walker, are citizens and residents of the State of Tennessee, residing in Lansing, Morgan County, Tennessee.

2.     Defendant, Louisville Ladder, Inc., a/k/a Davidson Ladder, is an active Kentucky corporation, qualifying to do business in the State of Tennessee on February 14, 2005, with its principal place of business being in Louisville, Kentucky, hereinafter referred to

1

as "Louisville Ladder," and with agent for service of process being C. T. Corporation Systems. This Defendant, Louisville Ladder, is also known as "Davidson Ladder," Louisville Ladder having purchased Davidson Ladder. Davidson Ladder is a part of the Louisville Ladder Group (LLG.)

## I. JURISDICTION

4. Jurisdiction is based on diversity of citizenship of the parties and the amount in controversy, which is in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs.

5. The accident from which this lawsuit arose occurred on April 12, 2007, at Central Highway School, Wartburg, Morgan County, Tennessee.

## III. FACTUAL BACKGROUND

6. On April 12, 2007, Larry Walker was working in his scope of employment in the Maintenance at Central High School, and using a Type 3, light weight, 200 Lb. load capacity, aluminum Model No. D-2316065 Davidson Ladder, which had been newly purchased for use by the maintenance department at the high school. While climbing the ladder, and having gotten half way up, suddenly and without warning, the legs of the ladder moved unexpectedly or "walked," causing Mr. Walker to lose his balance and fall sustaining serious injuries.

## IV. CAUSE OF ACTION

7. Louisville Ladder is the manufacturer and distributor of stepladders, extension ladders, attic ladders, specialty ladders, and specifically the product involved in this matter. The product failed under normal and foreseeable use. The product reached the consumer or user without substantial change in the condition in which it was manufactured and distributed.

2

Louisville Ladder manufactured and placed in the stream of commerce a defective aluminum ladder. The product was unsafe for normal or anticipated handling and consumption; was dangerous to an extent beyond that which would be contemplated by the ordinary consumer; and, the product would not have been placed on the market by a reasonably prudent manufacturer or seller. The defendant, Louisville Ladder, was negligent in placing this ladder on the market, for sale, without taking all necessary, proper, and sufficient steps to insure that it was safe for its intended use. Louisville Ladder knew, or should have known by the exercise of due care, of the dangerous propensities of its product and failed to take all necessary and prudent steps to insure the safety of the user of the product.

8. Louisville Ladder made express warranties that its product was safe for use and fit for the purpose intended and was of merchantable quality. As a direct result of these breaches of warranty, Larry Walker suffered severe injuries

9. Defendant, Louisville Ladder, was negligent in the manufacturer and distribution of the product in that it:

    a. knew, or should have known by the exercise of due care, ladders are responsible for severe injuries, and should have taken all necessary precautions to see that the ladder was properly manufactured, using proper materials, and designed for safety;

    b. failed to insure that the feet of the ladder were manufactured and designed with safeguards in place, in such a way, that the feet would not slip during use;

    c. failed to insure that the steps (rungs) of the ladder were manufactured of material that would not bend; would be of a material that would be

3

sufficient to account for stresses of climbing and weight bearing, knowing that "load capacity includes weight of user plus materials."

d. knew, or should have known by the exercise of due care, that if when testing this ladder with a weight load, it had a tendency to tip, twist, weight-shifting, or "walk" when stood on, the ladder presented a hazard to the would-be user and was dangerous for its intended use;

e. knew, or should have known by the exercise of due care, that ladders, and specifically the product, should be able to resist bending under step-load tests, and should be able to do this with weight up to four times the weight rating. In failing to sufficiently test their product they placed on the market a potentially dangerous and hazardous product which it offered to the general public;

f. knew, or should have known by the exercise of due care, that ladders, and specifically the product, should be able to resist bending when undergoing the side-twist test, and failed to insure that the product was manufactured and designed in such a way that the user would be safe if having to turn from side-to-side while on the product;

g. knew, or should have known by the exercise of due care, that one of the most common failures of the product was where one of the sides would bend inward with weight load, and failed to insure that the product was properly manufactured and designed so as to eliminate the dangerous propensities of the product;

4

h. used materials in the manufacture of the product which defendant knew, or should have known by the exercise of due care, was not fit for use in the manufacture process of the product.

10. Defendant knew that the nature of the product manufactured and sold created a degree of risk of harm to the users of this product and that there was a likelihood of great risk of harm if not manufactured, designed, and tested with a high degree of care. The defendant in placing this defective product on the market represents a conscious disregard of a substantial and unjustifiable risk of injury to the user.

## V. DAMAGES

11. As a result of the fault of the defendant, Larry Walker sustained injuries to the body generally and specifically head injuries, fracture of ribs on the left, left humerus shaft fracture, fracture of the coccyx, injury to the nerves in the left hand, massive rotator cuff tear of the left shoulder, bruise to the kidney, and injury to the left knee. Medical expenses have been incurred for treatment of these injuries. These injuries are permanent in nature. Plaintiff has suffered physical pain as a result of his injuries and will continue to suffer physical pain in the future. Further, plaintiff has been handicapped in carrying out his normal daily routine, as well as his normal daily work routine, and has suffered a loss of earning capacity and will continue to suffer this loss.

12. Plaintiff, Cynthia Walker, as a result of the injuries suffered by her husband, Larry Walker, has been deprived of his services and consortium and will continue to be so deprived in the future.

## V. DEMAND

WHEREFORE, Plaintiff, Larry Walker, demands judgment against the defendant in an amount which the jury sets as an appropriate amount under the facts and circumstances of this case, and demands a jury to try this action.

WHEREFORE, Plaintiff, Cynthia Walker, demands judgment against the defendant in an amount which the jury sets as an appropriate amount under the facts and circumstances of this case, and demands a jury to try this action.

THIS the 26 day of September, 2007.

_____
W. HOLT SMITH, BPR NO. 004557,
Attorney for Plaintiffs,
209 Tellico Street, North
Madisonville, Tennessee 37354
Phone: (423) 442-4012

_____
J. Timothy Bobo, BPR NO. 017263,
Attorney for Plaintiffs,
108 South Main Street
Post Office Box 530
Clinton, Tennessee 37717-0530
Phone: (865) 457-0755

6