UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LARRY L. WALKER and wife, | ) | | |
| CYNTHIA WALKER, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:07-CV-377 |
| | ) | | (VARLAN/SHIRLEY) |
| LOUISVILLE LADDER, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This civil action was before the Court on February 18, 2009, for a final pretrial

conference. The Court heard the arguments by counsel on several pending pretrial motions.

[Docs. 33, 39, 41, 43, 47, 57.] After orally ruling on a majority of the pending motions, the

Court reserved ruling on Plaintiffs' Motion in Limine to Exclude Reference to OSHA

Regulations. [Doc. 47.] The Court now summarizes its previous oral rulings and addresses

the remaining motion in limine.

**I.      MOTIONS RULED UPON AT FINAL PRETRIAL CONFERENCE**

At the final pretrial conference, the Court resolved several pending motions as

follows:

**A.      Motion Pursuant to Rule 32 to be Allowed to Use the Videotaped
Deposition of Dr. Michael McCollum, Dr. Timothy Renfree, and Dr.
Richard E. Parsons, the Treating Physicians of Plaintiff, Larry L. Walker
[Doc. 33]**

The motion is **GRANTED in part** as to Dr. Richard E. Parsons and **DENIED in part** as to Dr. Michael McCollum and Dr. Timothy Renfree. However, Plaintiffs are given leave to demonstrate to the Court "exceptional circumstances" warranting the use of videotaped depositions of Dr. Michael McCollum and Dr. Timothy Renfree at trial, and the Court explicitly reserves the right to revisit this ruling prior to or at the time of the trial of this action.

**B.** **Defendant's Motion to Exclude Exhibit and Testimony [Doc. 39]**

The motion is **GRANTED**.

**C.** **Louisville Ladder's Motion to Exclude Evidence of Prior Incidents or Accidents [Doc. 41]**

1. National Electronic Injury Surveillance System (NEISS) Statistics

The motion is **DENIED**.

2. Other Lawsuits Against Defendant

The motion is **GRANTED**. Parties agree that Plaintiffs lack sufficient facts to establish "substantial similarity" as to the cases referenced in Plaintiffs' response except for *Livingston v. Louisville Ladder*. [Doc. 54.] Though the motion is granted, the Court will revisit the issue as to the case of *Livingston v. Louisville Ladder* if Plaintiffs sufficiently establish substantial similarity.

3. Bias

The motion is **DENIED**.

2

**D.     Louisville Ladder's Omnibus Motion in Limine [Doc. 43]**

      1.      <u>Allegations of inadequate warnings or instructions</u>

The motion is **DENIED**.

      2.      <u>Any negative reference about ladder being manufactured in Mexico</u>

The motion is **GRANTED**.

      3.      <u>Any reference to Louisville Ladder's corporate history</u>

The motion is **GRANTED**.

      4.      <u>Evidence of so-called "safer" ladders</u>

The motion is **DENIED**.

      5.      <u>Evidence of post-manufacture design changes</u>

The motion is **DENIED**.

**E.     Motion for Summary Judgment [Doc. 57]**

The motion is **DENIED** as untimely.  The Court considers the motion for summary judgment as a trial brief.

**II.     PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO OSHA REGULATIONS [Doc. 47]**

At the final pretrial conference, the Court withheld ruling on the Plaintiffs' Motion in Limine to Exclude Reference to OSHA Regulations. [Doc. 47.] In the motion, Plaintiffs seek to exclude the Defendant from making reference to OSHA regulations.  First, they contend that OSHA regulations apply to employer's conduct and not a manufacturer's conduct in a product liability case.  Thus, they are not relevant in a products liability action

where the issues are whether the product was defective or unreasonably dangerous.  Second,

Plaintiffs contend that OSHA regulations are not a basis for raising a rebuttable presumption

that a product is not unreasonably dangerous.

In *Minichello v. U.S. Industries, Inc.*, the Sixth Circuit recognized that it was improper

to use OSHA regulations to establish whether a product is unreasonably dangerous because

OSHA expressly states that it is not intended to affect the civil standard of liability.

*Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985).  Notably, the *Minichello*

court did not "suggest that OSHA regulations could never be relevant in a product liability

case, but OSHA regulations can never provide a basis for liability because Congress has

specified that they should not."  *Id.*

To the extent Defendant contends that the OSHA regulations are relevant because of

the rebuttable presumption provided by Tennessee statute, the Court is unpersuaded.  Tenn.

Code Ann. § 29-28-104 provides:

> Compliance by a manufacturer or seller with any federal or state statute or
> administrative regulation existing at the time a product was manufactured and
> prescribing standards for design, inspection, testing, manufacture, labeling,
> warning or instructions for use of a product, shall raise a rebuttable
> presumption that the product is not in an unreasonably dangerous condition in
> regard to matters covered by these standards.

Tennessee Courts have found that because OSHA standards cover employer's conduct and

not a manufacturer's conduct, the rebuttable presumption is not applicable when the

purported basis is OSHA standards.  *See Hughes v. Lumbermens Mut. Cas. Co.*, 2 S.W.3d

218, 224 (Tenn. Ct. App. 1999), *Tuggle v. Raymond Corp.*, 868 S.W.2d 621, 625 (Tenn. Ct.

4

App. 1992).  Thus, both Sixth Circuit and Tennessee law recognize that the rebuttable

presumption cannot be based on OSHA regulations, and such regulations would not be

relevant to the extent Defendant contends the rebuttable presumption provided by Tenn.

Code Ann. § 29-28-104 is applicable to the present case.[1]

Because *Minichello* suggests the possible relevance of OSHA regulations aside from

the standard of liability, the Court inquired at the final pretrial conference what relevant

purpose Defendant sought to refer to the OSHA regulations at trial.  The Defendant

responded that the ladder at issue includes a reference to OSHA regulations and that OSHA

regulations are relevant because they adopt ANSI standards.  In its written response,

Defendant relies on *Bailey v. V&O Press Co.*, where the Sixth Circuit noted that "[i]t thus

appears that although safety regulations may be inadmissible to prove the ultimate issue of

defectiveness in strict liability actions, compliance with such codes and standards may be

probative of a manufacturer's standard of care, in negligence actions."  770 F.2d 601, 608

n.5 (6th Cir. 1985).

At the final pretrial conference, Plaintiffs indicated that they did not object to the

OSHA regulations being on the ladder and only objected to Defendant verbally referencing

to the OSHA regulations on the ladder.  In light of the parties' agreement, the Court will

---

[1]The present motion only seeks to exclude reference to OSHA regulations; thus the Court
makes no determination as to whether Tenn. Code Ann. § 29-28-104 is generally applicable to this
case.

5

permit a "reference" to OSHA regulations to the extent the regulations or reference to them are physically written on the ladder.

However, the Court will grant the motion in limine in all other respects regarding reference to OSHA regulations at trial because Defendant has failed to provide the relevance of such evidence. Though Defendant contends that OSHA regulations are relevant because they adopt the ANSI standards, the *Minichello* court emphasized that "OSHA regulations pertain only to employers' conduct." *Minichello*, 756 F.2d at 29. In other words, "nothing in the [OSHA] regulation requires the manufacturer to do anything." *Hughes*, 2 S.W.3d at 225. Thus, the Court questions the relevance of OSHA regulations in this products liability action between manufacturer and consumer.

Even if the OSHA regulations were relevant to the issue of the negligence standard of care as contended in Defendant's written response, the Court finds that any probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, [and] misleading the jury." Fed. R. Evid. 403. Defendants acknowledge that the OSHA regulations merely adopt in whole the ANSI standards, which will be before the jury at trial. Thus, the probative value of the OSHA regulations would be minimal as the substance would be identical to evidence that will be before the jury. By comparison, there is great danger that the jury may become confused by the OSHA regulations, particularly since they do not affect the civil standard of liability and are inapplicable to manufacturers. Furthermore, because the ANSI standards will likely be

6

before the jury, the OSHA regulations would result in a "waste of time" and "needless presentation of cumulative evidence" under Fed. R. Evid. 403.

Therefore, the motion is **DENIED in part** to the extent the OSHA regulations or reference to them are physically written on the ladder at issue. However, in all other respects, the motion is **GRANTED**.

## III.   CONCLUSION

Accordingly, Defendant's Motion to Exclude Exhibit and Testimony [Doc. 39] hereby **GRANTED**. Plaintiffs' Motion Pursuant to Rule 32 to be Allowed to Use the Videotaped Deposition of Dr. Michael McCollum, Dr. Timothy Renfree, and Dr. Richard E. Parsons, the Treating Physicians of Plaintiff, Larry L. Walker [Doc. 33]; Louisville Ladder's Motion to Exclude Evidence of Prior Incidents or Accidents [Doc. 41]; Louisville Ladder's Omnibus Motion in Limine [Doc. 43]; and Plaintiffs' Motion in Limine to Exclude Reference to OSHA Regulations [Doc. 47] are hereby **GRANTED in part** and **DENIED in part**. The Motion for Summary Judgment [Doc. 57] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7